IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHASE WEBB BURSON**,

       Petitioner,

vs.                                                     Case No. 09-cv-985 JCH/RHS
                                                               06-cr-252 JCH

**UNITED STATES OF AMERICA**,

       Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND RECOMMENDED DISPOSITION**

THIS MATTER came before the Court on August 23, 2013, at an evidentiary hearing on Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In his Motion, Petitioner alleges that his trial counsel was ineffective in advising him regarding a plea OFFER and that this incompetence led Petitioner to reject the offer. Petitioner alleges two errors by his trial counsel: (1) counsel improperly advised Petitioner regarding the merits of a motion to suppress the evidence, and (2) counsel advised Petitioner that if the government failed to prove the quantity of methamphetamine alleged in the indictment, Petitioner would be acquitted of possession with intent to distribute and carrying a firearm during the commission of the offense. Petitioner also asserts that his attorney's assessment of the merits of the motion to suppress were based on ignorance of the record and misapprehension of the differences between state and federal constitutional law. Petitioner alleges trial counsel's advice was wrong as a matter of law.

Petitioner alleges that there was a reasonable probability that but for his trial counsel's incompetent advice, he would have accepted the government's offer to plead guilty to the original indictment and therefore would have been sentenced to a mandatory minimum term of ten years instead of the mandatory minimum sentence of fifteen years that he received.

The Court, having considered all of the pleadings filed in the above-captioned cause, the testimony and evidence presented at hearing on August 23, 2013, FINDS:

1. In 2005 Petitioner had two criminal cases pending in state court in Farmington, New Mexico (Doc. 49, Transcript of Hearing, August 23, 2013 at 5 (Tr.)).

2. Petitioner was charged with trafficking a controlled substance, possession with intent to distribute methamphetamine, possession of paraphernalia (Tr. at 5).

3. The assistant district attorney in Petitioner's state case made a plea offer of four and one half  (4 ½) years (Tr. at 9).

4. Petitioner declined the state's plea offer (Tr. at 11).

5. The assistant district attorney was informed that law enforcement referred Petitioner's charges to federal prosecutors (Tr. at 12).

6.  On January 20, 2006,  the United States filed a criminal complaint Petitioner with possession with intent to distribute 113.4 grams of methamphetamine and 26.3 grams of cocaine and possession of a firearm during the commission of a controlled substance violation, contrary to 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 924(c)(1)(A), respectively (Cr. Doc. 1).

7. On January 23, 2006, Petitioner retained trial counsel (Ex. AA; Cr. Doc. 5).  Trial counsel entered his appearance on January 25, 2006 (Cr. Doc. 5).

8. Trial counsel had seventeen (17) years of federal court experience by the time he represented Petitioner in the criminal proceeding (Tr. at 32).

9. Trial counsel informed Petitioner  and his family of the relevant federal penalties and explained the difference between state and federal courts (Tr. at 35-36).  Counsel testified than "when someone comes to me that's only been involved in the state system and this is their first time in the federal system, I give a little talk about the differences between federal and state." Id.

10. On February 7, 2006, the United States filed an indictment charging Petitioner with: (1) possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) possessing with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (3) knowingly carrying a firearm during and in relation to a drug trafficking offense, contrary to 18 U.S.C. §924(c)(1)(A)(i) (Cr. Doc. 7).  If convicted of all charges in the indictment, Petitioner faced a mandatory minimum sentence of five-years imprisonment for the drug charges with a consecutive term of five-years' imprisonment for the gun charge.  21 U.S.C. § 841(b)(1)(B); 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(D)(ii).

11. Trial counsel relayed the United States' plea offer to Petitioner, counsel explained that the plea offer was for ten (10) years imprisonment, and that there was a deadline for acceptance (Tr. at 36).   Petitioner testified that the government made him a plea offer to "plead to a ten-year minimum mandatory sentence" (Tr. at 80)

12. Trial counsel informed Petitioner of the penalties he faced in deciding whether to accept or decline the plea offer (Tr. at 36, 80).  Counsel testified that he told Petitioner that he "was pretty sure he was going to do 15 [years] if, in fact, the purity of the methamphetamine was found to be consistent with what the government was saying." Id.

13. Trial counsel advised Petitioner that if the United States brought a superseding indictment, the plea offer of ten years mandatory minimum would be withdrawn (Tr. at 36)

14. Trial counsel advised Petitioner that he should accept the plea (Tr. at 38)

15. Petitioner rejected the plea offer (Tr. at 39, 81, 85).

16. The United States filed a superseding indictment on July 11, 2006, charging

Petitioner with (1) possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (2) possession with intent to distribute a quantity of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C); and (3) carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Cr. Doc. 23.)  Under the superseding indictment, Petitioner faced a mandatory minimum sentence of fifteen years on all counts. 21 U.S.C. §841(b)(1)(A); 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(D)(ii).

17. Petitioner's family asked trial counsel to file a motion to suppress (Tr. at 39).  Trial counsel testified " the family asked me to push on . . . after the deadline was over, it was superseded." Id.

18. Trial counsel did not believe a motion to suppress the drugs was strong but believed that the Petitioner's confession might be suppressed because Petitioner was impaired during the interrogation (Tr. 42-43).  Petitioner admitted to his own conduct to the police in a recorded statement to the police on the night of his arrest (Tr. at 86).

19. On September 15, 2006, trial counsel filed the Motion to Suppress Petitioner's statement to the police and physical evidence seized from the car he was driving (Cr. Doc. 42). The Court denied the Motion to Suppress (Cr. Doc. 53).

20. On October 18, 2006, trial counsel represented Petitioner at trial (Cr. Doc. 58).  Trial counsel retained an expert to testify at trial to challenge the DEA's assessment as to the purity of the methamphetamine in an attempt to reduce Petitioner's sentence (Tr. at 46).

21.  The trial court found Petitioner guilty of Counts I, II, and III of the superseding indictment (Cr. Doc. 59).

22. Petitioner was sentenced to the mandatory minimum sentence of fifteen years (Cr.

Doc. 86).

The Court having considered the arguments and authority propounded by counsel CONCLUDES:

1. To establish ineffective assistance of counsel, Petitioner must show "that counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984).

2. Recently, the Supreme Court held that, to show prejudice in the context of a rejected plea offer, Defendant must prove that he would have accepted the plea offer but for counsel's deficient advice. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). In order for Petitioner to prevail on his claim of ineffective assistance of counsel in the context of plea negotiations, he must demonstrate that trial counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that Petitioner would have accepted the plea offer but for counsel's errors. United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997); Hill v. Lockhart, 474 U.S. 52, 59 (1985). Specifically, Petitioner must demonstrate that there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence under the terms of the plea agreement would have been less severe than the judgment and sentence that were actually imposed. Id.

3. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 689 (1984). The Court concludes that based on the testimony and evidence presented at the evidentiary hearing on August 23, 2013, Petitioner's trial counsel provided Petitioner with competent legal advice under

federal law. Furthermore, the Court concluded that trial counsel affirmatively advised Petitioner and his family to accept the plea offered by the government.

    4. The Court concludes that Petitioner's testimony is not credible or supported by objective evidence. Petitioner testified at the evidentiary hearing that trial counsel failed to advise him to take the plea offer (Tr. at 82-83). Petitioner further testified that he would have accepted the plea offer if trial counsel had advised him that he would lose the motions to suppress, get convicted and sentenced to fifteen (15) years (Tr. 85). In addition, there was testimony that Petitioner had the opportunity to accept a plea offer of four and a half (4 ½) years imprisonment by an assistant district attorney in Farmington for the same offences in the federal case and he refused (Testimony of Bridgette Thomas, Tr. at 8-9). The Court determines that Petitioner's statements are self-serving and are unsupported in light of testimony offered by trial counsel and other witnesses.

    5. Based on the record, the evidence and testimony at the hearing, and applicable legal authority, the Court concludes that Petitioner received effective assistance of counsel at all times material.

    IT IS THEREFORE respectfully recommended that Petitioner's request that the Court should order the government to reinstate his plea offer, to vacate his conviction and sentence, and to accept the plea and resentence him, accordingly be denied.

    Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to

have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE